USDC SCAN INDEX SHEET










```
BJR    3/28/00    10:12
3:00-CV-00617   SEVERSON V. VITTO
*1*
*CMP.*
```

1 | DEB C. PEDERSDOTTER, State Bar No. 131815
Attorney at Law
2 | 402 West Broadway, 13th Floor
San Diego, California 92101
3 | Phone No. (619) 293-3372
Attorney for Plaintiff,
4 | JOHN SEVERSON



B. Reed

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

| JOHN SEVERSON, | DOCKET NO. 00 CV 0617 BTM (LAB) |
|---|---|
| Plaintiff, | COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE RELIEF AND DAMAGES |
| v. | |
| KATHERINE VITTO, | [JURY DEMANDED] |
| Defendant | |

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff John Severson ("Severson"), at all times herein mentioned, was an individual residing in and a citizen of the State of California within the City of San Diego.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant Katherine Vitto ("Vitto"), at all times herein mentioned was, an individual residing in and a citizen of the State of Michigan.

3. This Court has original jurisdiction of this action under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

4. The Certificate of Deposit at issue herein, identified as Account No. 17700019721610 ("the CD account"), was created, maintained and ultimately closed at a branch of Washington Mutual Bank, F.A. ("Washington Mutual"), located in the County of San Diego within the State of California.



1

## FIRST CLAIM FOR DECLARATORY RELIEF

5. Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1 through 4 above as though set forth in full at this point.

6. Plaintiff is informed and believes, and based thereon alleges, that on or about September 28, 1999, Phil Jameson ("Jameson") opened the CD account through a deposit of $100,000 of his own funds.

7. Plaintiff is informed and believes, and based thereon alleges, that the CD account was established through a written deposit agreement of the same date between Washington Mutual and joint tenants Jameson, Severson and Defendants.

8. Jameson died on November 17, 1999.

9. At the time of Jameson's death, not less than $100,000 of his own funds was on deposit in the CD account.

10. Plaintiff is informed and believes, and based thereon alleges, that on or about November 30, 1999, Defendants withdrew the entire $99,981.00 balance on deposit in the CD account.

11. Defendants have failed and refused, and continue to fail and refuse, to tender to Plaintiff the funds on deposit in the CD account at the time of Jameson's death as well as the interest subsequently accruing thereon, despite demand therefor.

12. An actual controversy has arisen as to the true ownership of the funds on deposit in the CD account at the time of Jameson's death, as well as the interest subsequently accruing thereon.

13. Plaintiff therefore requests that the Court adjudicate the parties' respective rights and duties with respect to the funds on deposit in the CD account at the time of Jameson's death, together with the interest subsequently accruing thereon.

14. Such a declaration by the Court is necessary and proper at this time under all the circumstances, due to both Defendants' misappropriation of the funds to their own personal use and the absence of any adequate remedy at law available to Plaintiff.

## SECOND CLAIM FOR RESTITUTION

15. Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1 through 4 and 6 through 14 above as though set forth in full at this point.

16. Based on the foregoing, Plaintiff is presently entitled to judgment for restitution by Defendants of the funds on deposit in the CD account at the time of Jameson's death, together with the interest subsequently accruing thereon.

### THIRD CLAIM FOR IMPOSITION AND ENFORCEMENT OF CONSTRUCTIVE TRUST

17. Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1 through 4 and 6 through 14 above as though set forth in full at this point.

18. Upon Jameson's death and/or upon Defendants' misappropriation of the funds in the CD account, a constructive trust arose as a matter of law pursuant to which Defendants became trustees of these funds for the use and benefit of Plaintiff.

### FOURTH CLAIM FOR IMPOSITION AND ENFORCEMENT OF RESULTING TRUST

19. Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1 through 4 above as though set forth in full at this point.

20. Upon Jameson's death and/or upon Defendants' misappropriation of the funds in the CD account, a resulting trust arose as a matter of law pursuant to which Defendants became trustees of these funds for the use and benefit of Plaintiff.

### FIFTH CLAIM FOR BREACH OF THIRD-PARTY BENEFICIARY CONTRACT

21. Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1 through 4 and 6 through 11 above as though set forth in full at this point.

22. Plaintiff was and is an intended third-party beneficiary of the funds on deposit in the CD account and the interest subsequently accruing thereon, pursuant to the written deposit agreement.

23. Defendants have breached that agreement by misappropriating to their own use the funds at issue, and by failing and refusing to tender such funds to Plaintiff.

## SIXTH CLAIM FOR INTERFERENCE WITH
## THIRD-PARTY BENEFICIARY CONTRACT

24. Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1 through 4, 6 through 11 and 22 above as though set forth in full at this point.

25. Defendants have wrongfully interfered with Plaintiff's rights as a third-party beneficiary of the deposit agreement by misappropriating to their own use the funds at issue, and by failing and refusing to tender such funds to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.  For a judicial declaration of the parties' respective rights and duties with respect to the funds on deposit in the CD account at the time of Jameson's death, together with the interest subsequently accruing thereon;

2.  For the imposition and enforcement of a constructive trust with respect to such funds;

3.  For the imposition and enforcement of a resulting trust with respect to such funds;

4.  For damages equivalent to the funds on deposit in the CD account at the time of Jameson's death, together with the interest subsequently accruing thereon, in an amount not less than $99,981.00;

5.  For interest thereon at the maximum rate permitted by law;

6.  For recoverable costs of suit; and

7.  For such other and further relief as the Court may deem just and proper.

Dated: March 6, 2000

LAW OFFICE OF
DEB C. PEDERSDOTTER

By: _____
DEB C. PEDERSDOTTER
Attorney for Plaintiff
JOHN SEVERSON

4

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

JOHN SEVERSON

**DEFENDANTS**

KATHERINE VITTO

00 MAR 27 PM 3:47

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Deb C. Pedersdotter (SBN 131815)
LAW OFFICE OF DEB C. PEDERSDOTTER
402 West Broadway, 13th Floor
San Diego, CA  92101

**ATTORNEYS (IF KNOWN)**

'00 CV 0617BTM (LAB)

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX
(For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY). 28 U.S.C. §1332. Defendant was one of three joint tenants in a bank account. When one of the tenants died, the defendant immediately withdrew all sums and had them transferred to her, without anyone's knowledge or consent. Despite multiple requests, she has refused to return these monies.

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury - Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | |
| | | | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (13958) | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| | | ☐ 371 Truth in Lending | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge 12 USC |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appelate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    **DEMAND $**    Check YES only if demanded in complaint:  **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):    JUDGE _____    Docket Number _____

DATE March 10, 2000    SIGNATURE OF ATTORNEY OF RECORD  /s/ Deb C. Pedersdotter

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

#58596  $150-P&P